UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RAY EAGLE,<br><br>    Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS &<br>STATE OF CALIFORNIA,<br><br>    Respondents. | Case No.  22-cv-02022-TLT<br><br>**ORDER TO SHOW CAUSE;**<br><br>**DENYING MOTION FOR BOND** |

    Petitioner, a federal prisoner at the Federal Correctional Institution, Petersburg, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his California conviction.  He has paid the full filing fee.

    Petitioner names both the Federal Bureau of Prisons and the State of California as respondents but includes no information in his petition to suggest that he is challenging the basis for his federal custody.  Rule 2(b) of the Rules Governing 2254 Cases in the United States District Courts allows a petitioner who "may be subject to future custody . . . under the state-court judgment being contested" to file a section 2254 petition, and requires the petitioner to "name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered."  The Advisory Committee Note to the rule states that where "[t]he applicant is in jail, prison, or other actual physical restraint but is attacking a state action which will cause him to be kept in custody in the future rather than the government action under which he is presently confined," the "named respondents shall be the state or federal officer who has official custody of him at the time the petition is filed and the attorney general of the state whose action subjects the petitioner to future custody."  "The purpose of naming the federal custodian as a respondent is to ensure that such custodian receives notice of the action and any award of habeas

relief. The federal respondent is not expected to defend the substantive challenge. Rather, it falls upon the state attorney general to respond to a petitioner's challenge to a state court conviction or sentence." *Sullivan v. Fed. Bureau of Prisons*, 2008 WL 1830154, at *1 (D. Colo. Apr. 23, 2008).

Petitioner has technically named the wrong respondents: the Federal Bureau of Prisons rather than the specific warden of FCI, and the State of California rather than the Attorney General of the State of California. The absence of personal jurisdiction resulting from such a defect may be waived. *See Smith v. Idaho*, 392 F.3d 350, 355-56 (9th Cir. 2004) (reaching the merits of an appeal of a habeas decision where petitioner named the State of Idaho instead of the state attorney general, and the state "submit[ted] itself in the custodian's stead to the jurisdiction of the federal courts"). Should the state decline to waive the jurisdictional issue in its answer, the Court may provide the petitioner an opportunity to amend the petition to name the correct respondents, or *sua sponte* substitute them.

It does not appear from the face of the petition that petitioner's challenge to his state-court conviction is without merit. This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

The Court therefore issues the following orders:

1. The Clerk of the Court shall serve a copy of this order upon Respondent the State of California and Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner, along with a copy of the docket sheet.

2. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

      3.      If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **thirty (30) days** after the date Petitioner is served with Respondent's Answer.

      4.      Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **thirty (30) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

      5.      It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

      Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

      6.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

      7.      Petitioner has moved for release on bail or his own recognizance pending

3

determination of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction for murder in Alameda County Superior Court.  ECF No. 12.  A district court may have the authority to release a state prisoner on bail pending resolution of a habeas proceeding, but only in extraordinary cases involving special circumstances or a high probability of success.  *Land v. Deeds*, 878 F.2d 318, 318-9 (9th Cir. 1989) (citing *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (requiring both exceptional circumstances and high probability of success)).  Some examples of exceptional circumstances are serious deterioration of the petitioner's health while incarcerated; short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective; or, possibly, extraordinary delay in processing a habeas corpus petition.  *See Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989); *Calley v. Callaway*, 496 F.2d 701, 702 n.1 (5th Cir. 1974).  No such exceptional circumstances (or high probability of success) are present here.  *Accord In re Roe*, 257 F.3d 1077, 1079-80 (9th Cir. 2001) (district court erred in releasing prisoner on bail during the pendency of his district court habeas proceeding, because allegations of actual innocence, failing health, discovery abuses by opponent and available lodging did not satisfy the *Land* standard for release).  Petitioner's motion (ECF No. 12) is therefore DENIED.

This Order terminates Docket No. 12.

**IT IS SO ORDERED.**

Dated: October 12, 2022

TRINA L. THOMPSON
United States District Judge